UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD REED, MARY HUGHES, and ROBERT VERSA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:17-cv-00232 ) REEVES/LEE |
| TENNESSEE VALLEY AUTHORITY and TENNESSEE VALLEY AUTHORITY BOARD OF GOVENORS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This action arises from a false report signed by plaintiffs while working as contractors for Williams Plant Services, LLC, at the Watts Bar Nuclear Plant operated by Tennessee Valley Authority (TVA). Plaintiffs take issue with TVA's decision to revoke their security clearances at TVA's nuclear facilities based on their participation in preparing the false report. Plaintiffs contend that Williams terminated their employment solely because TVA revoked their security clearances and that TVA's decision tortiously interfered with their continued employment with Williams.

Before the court is TVA's motion to dismiss the Complaint on the grounds that (1) plaintiffs' claims are barred by the one-year statute of limitations found in Tenn. Code Ann. § 28-3-104, and (2) applicable federal law precludes judicial review of executive agency

decisions concerning security clearances. For the following reasons, defendants' motion is granted and this action dismissed.

## I. Background

Williams contracted with TVA to provide laborers to work at the Watts Bar Nuclear Plant. TVA operates Watts Bar as agent for the United States. Plaintiffs were full-time employees of Williams assigned to work at Watts Bar during the period April 27, 2015 through August 27, 2015. As a condition of their continued employment at Watts Bar, plaintiffs were required to maintain a security clearance issued by TVA. Plaintiffs' primary duty was "standing fire watches." Laborers performing fire watches were required to sign a "Continuous Fire Watch Turnover Form" at the beginning and end of each shift indicating they conducted a continuous compensatory fire watch requiring an individual to be in the specified area at all times.

On April 27, 2015, plaintiffs were assigned the "Pipe Chase" fire watch. Plaintiffs were only allowed to enter the Pipe Chase at brief intervals due to radiation exposure, just enough time to walk the length of the Pipe Chase which took less than a minute every 15 minutes.

TVA pipefitters with a welding assignment were working in the Corridor, a short walk from the entrance to the Pipe Chase. Plaintiffs aver they were not informed of the work on the Corridor or any fire watch established for it, and had they been informed of the work, they could have stood the Pipe Chase and the Corridor watch at the same time.

The next morning, management instructed plaintiffs to sign a Turnover Form for the Corridor Watch indicating they conducted a continuous fire watch "in the specified area"

of the Corridor Watch during the time period of the Pipe Chase Watch. Plaintiffs expressed reservations about signing the Turnover Form for the Corridor Watch; however, they ultimately signed the form.

A fourth Williams' employee working that day, Deborah Settles, refused to sign the Turnover Form, and reported the matter to TVA management and later to TVA Employee Concerns. Employee Concerns referred the matter to TVA Office of the Inspector General (OIG) to investigate. On August 27, 2015, OIG issued a report finding that Williams' employees, TVA employees, and others had attempted to violate federal law by "making or using a false writing or document . . . knowing the same to contain a materially false, fictitious or fraudulent statement." TVA's Director of Nuclear Safety revoked plaintiffs' security clearances and permanently restricted plaintiffs from working at TVA Nuclear Power Group locations.

Plaintiffs timely appealed the decision to revoke their security clearances and on October 16, 2015, plaintiffs were informed that TVA denied their appeal and that the denial of their security clearances was upheld. Williams immediately terminated plaintiffs' employment.

Plaintiffs filed their Complaint in state court naming TVA and TVA's Board of Governors as defendants. The Complaint asserts claims for common law interference with employment and statutory interference with employment under Tenn. Code Ann. § 47-50-109. TVA removed the action from state court pursuant to 28 U.S.C. §§ 1442 and 1446.

TVA moves to dismiss plaintiffs' claims for interference with employment on statute of limitations grounds because the Complaint was filed more than one year after

3

accrual of the claims. TVA also argues that the court lacks subject matter jurisdiction over plaintiffs' claims because TVA's revocation of plaintiffs' security clearances is not reviewable.

## II. Standard of Review

Defendants move for dismissal of the plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3rd 389, 405 (6th Cir. 1998). For purposes of this determination, the court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). The same deference does not extend to bare assertions of legal conclusions, however, and the court is not bound to accept as true a "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement" of the claim showing the pleader is entitled to relief, this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id.* Plausibility as explained by the Supreme Court, "is not akin to a

probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief. *Id.* at 679.

### III. Analysis

**A. Motion to Dismiss**

TVA argues plaintiffs' claims are barred by the one-year statute of limitations of Tenn. Code Ann. § 28-3-104(a)(1), governing personal injury. Plaintiffs, on the other hand, aver their claims are timely under the three-year statute of limitations of Tenn. Code Ann. § 28-3-105, governing property damage. The court need not resolve this dispute because assuming plaintiffs' claims were timely filed, the claims are still subject to dismissal because the law is clear that the merits of an executive branch decision to deny security clearance generally is not reviewable due to principles of separation of powers and the importance of full executive control over national security. *Tenenbaum v. Caldera*, 45 Fed. Appx. 416, 417 (6th Cir. 2002). Absent express congressional authorization, sensitive security clearance decisions are free from interference by judicial officers with "little expertise in the important complex realm of national security." *Id.*

In *Dept of Navy v. Egan*, the Supreme Court held that the Merit Systems Protection Board did not have the authority to review a decision by the Navy to revoke the security clearance (and, effectively, terminate the employment) of a civilian employee.. *Egan*, 484 U.S. 518, 520 (1988). Because plaintiffs' claims would require the court to weigh the validity of TVA's proffered reasons for revoking their security clearances, judicial review

5

would constitute precisely the sort of interference criticized in *Egan*. Moreover, a person does not hold a right to a security clearance. *Egan*, 484 U.S. at 528; see also *Dorfmont v. Brown*, 913 F.2d 1399, 1404 (9th Cir. 1990) ("There is no right to maintain a security clearance, and no entitlement to continued employment at a job that requires a security clearance").

This court cannot inquire into the decision to revoke plaintiffs' security clearances, even assuming the veracity of their allegations that they signed the Turnover Form on direct instructions from both TVA and Williams' management advising them that what they signed was true. As this court cannot inquire into the decision to revoke plaintiffs' security clearances, plaintiffs cannot prove causation for their interference claim. Moreover, as there is no right to a security clearance, it is not clear that plaintiffs have suffered any legally cognizable damages. Therefore, the court finds that plaintiffs have failed to state a claim for which relief can be granted.

Plaintiffs argue that *Rattigan v. Holder*, 689 F.3d 764 (D.C.Cir. 2012) provides an exception to *Egan*, allowing courts to review the termination of employees who report security concerns where plaintiffs can demonstrate that "the agency acted with a retaliatory or discriminatory motive in reporting or referring information that they knew to be false." *Id.* at 771. Plaintiffs' reliance on *Rattigan* is misplaced. First, the Complaint contains no allegations of a retaliatory or discriminatory motive on the part of TVA or Williams' management. Second, judicial review under *Rattigan* is limited to cases where the final security clearance determination was favorable to the plaintiff, which is not the case here. *See Al-Kaysey v. Engility Corp.*, 2016 WL 5349751 at *9 (E.D.N.Y. Sept. 23, 2016); *Tharp*

6

*v. Lynch*, 2015 WL 84882747 at *9 (E.D.Va. Dec. 8, 2015); *Bland v. Johnson*, 66 F.Supp.3d 69, 74 (D.D.C. 2014).

**B. Motion to Amend Complaint**

Rule 15(a) of the Federal Rules of Civil Procedure allows for the amendment of pleadings prior to trial. At a certain point though, a party may amend the complaint "only with the opposing party's written consent or the court's leave," which is to be given freely "when justice so requires." Fed.R.Civ.P. 15(a)(2). The court has discretion to deny an opportunity to amend for a variety of reasons, such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is considered "futile" when it would not survive a motion to dismiss. *Kreipke v. Wayne State Univ.*, 807 F.3d 768, 782 (6th Cir. 2015). Because *Egan* bars judicial review of TVA's decision to revoke plaintiffs' security clearances, the court finds that plaintiffs' proposed amended complaint would not survive a motion to dismiss. Accordingly, the motion to amend is **DENIED**.

## IV. Conclusion

In light of the foregoing discussion, the following action is taken:

1. Defendants' motion to dismiss [R. 2] is **GRANTED,** and all claims against defendants are **DISMISSED in their entirety, with prejudice.**

2. Plaintiffs' motion to amend their complaint [R. 13] is **DENIED**.

**AN APPROPRIATE ORDER TO FOLLOW.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**