# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| RICHARD REED, MARY HUGHES, and ROBERT VERSA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 1:17-CV-00232<br>) REEVES/LEE |
| TENNESSEE VALLEY AUTHORITY and TENNESSEE VALLEY AUTHORITY BOARD OF GOVENORS, | )<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the court is plaintiffs' motion to alter or amend the Memorandum Opinion and Judgment entered on March 22, 2018. The court dismissed plaintiffs' claims against TVA for failure to state a claim upon which relief could be granted. Plaintiffs move to amend the Judgment asking the court to remand their state claims to the Circuit Court of Rhea County. In their complaint, plaintiffs allege only state law claims (common law interference with employment and statutory interference with employment under Tenn. Code Ann. § 47-50-109) based on the revocation of their security clearances by TVA. In support of the motion, plaintiffs claim that TVA premised its motion to dismiss on lack of subject matter jurisdiction; therefore, the court's dismissal of their claims was based on a lack of subject matter jurisdiction, and remand of their claims to state court is mandatory under 28 U.S.C. § 1447(c).

## I. Background

Plaintiffs were employees of Williams Plant Services LLC. Williams, a third-party contractor, provided laborers for TVA's Watts Bar Nuclear Plant. As a condition of their continued employment with TVA, plaintiffs were required to maintain a security clearance issued by TVA. After an incident involving the preparation of a false report, TVA revoked plaintiffs' security clearances. Plaintiffs appealed, and TVA conducted an independent review and upheld the decision to revoke plaintiffs' security clearances. As a result, Williams terminated plaintiffs' employment.

Plaintiffs filed this case in the Circuit Court of Rhea County, Tennessee. Plaintiffs allege only Tennessee claims for common law and statutory inference with their employment by TVA. There are no federal claims.

TVA removed the case to this court alleging federal question and federal agency or officer jurisdiction. TVA moved to dismiss, asserting the claims were untimely and the court lacked subject matter jurisdiction over plaintiffs' claims under the *Egan* doctrine. The court agreed and dismissed plaintiffs' claims with prejudice.

## II. Standard of Review

Plaintiffs filed a FRCP 59(e) motion seeking to alter or amend the Memorandum Opinion and Judgment. They contend that the court erred in granting TVA's motion to dismiss under FRCP 12(b)(6), and the judgment should be altered or amended to remand the case to state court based on this court's lack of subject matter jurisdiction.

FRCP 59(e) states that a party may file a motion to alter or amend a judgment within twenty-eight days from entry of judgment. Rule 59(e) permits the court to alter a judgment

2

based on (1) a clear error in law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010). A district court has "considerable discretion" in deciding whether to grant a motion under Rule 59(e). *Id.*

A motion under Rule 59(e) "runs contrary to notions of finality and repose and therefore is generally discouraged and affords relief only under extraordinary circumstances." *Polzin v. Barna & Co.*, 2007 WL 4365760 at *3 (E.D.Tenn. Dec. 11, 2007). In this vein, Rule 59(e) does not provide parties with "an opportunity to reargue a case," and parties should not use it to raise arguments which could, and should, have been made before judgment issued. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998); *see also U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. Limited, Inc.,* 179 F.R.D. 541 n. 9 (S.D.Ohio 1998) ("FRCP 59(e) is not a means by which a party may re-litigate issues previously considered. If the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court").

### III. Analysis

The Memorandum Opinion and Judgment were entered on March 22, 2018. Plaintiffs filed the motion to alter or amend the judgment on April 19, 2018, so the motion is timely. The motion does not claim that plaintiffs have newly discovered evidence, so the court will proceed to discuss whether there is a clear error of law, a change in controlling law, or a need to prevent manifest injustice.

The court determined plaintiffs' claims were subject to dismissal under Rule 12(b)(6) because the law is clear under *Egan* and its progeny, that the merits of an executive branch decision to deny security clearance generally is not reviewable due to principles of separation of powers and the importance of full executive control over national security.

## A. The court has subject matter jurisdiction over the action

Plaintiffs allege that the court lacked subject matter jurisdiction over the action and as such, dismissal under Rule 12(b)(6) was improper. Further, they contend that because the court cannot rule on the merits, it must remand the case to state court pursuant to 28 U.S.C. § 1447(c). At the time of removal, however, TVA established that the court had subject matter jurisdiction pursuant to both federal question (28 U.S.C. § 1331) and federal agency jurisdiction (28 U.S.C. § 1442(a)(1)). Therefore, § 1447(c) does not apply.

Removal is proper when the district court would have had original jurisdiction over the state action under 28 U.S.C. § 1441(a). One type of original jurisdiction is federal question jurisdiction and is applicable when a civil action arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. In *Pac. R. Removal Cases*, the Supreme Court held that a corporation of the United States, created by and organized under acts of Congress, is qualified to remove a state action brought against the corporation based on federal question jurisdiction because the action arose "under the laws of the United States." 115 U.S. 1 (1885). Since then, the Sixth Circuit Court of Appeals affirmed a ruling out of the Middle District of Tennessee, finding that because TVA is a wholly owned federal corporation, created under an act of Congress, the court had subject matter

jurisdiction over the action pursuant to 28 U.S.C. § 1331. *Jackson v. Tenn. Valley Auth.*, 462 F.Supp. 45, 50 (M.D.Tenn. 1978), *aff'd* 595 F.2d 1120, 1121 (6th Cir. 1979).

Here, removal was proper under 28 U.S.C. § 1441(a) because the action concerns a federal question. TVA is a corporation of the United States and was created by an act of Congress, the Tennessee Valley Authority Act of 1933. Therefore, it is clear that the action arises under the laws of the United States and as a result, there is federal question jurisdiction. As a result, the court had original jurisdiction over the claims brought by plaintiffs in their state action.

Assuming, *arguendo,* that the court lacks federal question jurisdiction, the court still has jurisdiction over the matter because the action is against a federal agency. A separate removal provision, enumerated in 28 U.S.C. § 1442(a)(1), allows the United States or any agency or any officer of the United States, sued in an official or individual capacity, to remove a civil action brought in state court. The Sixth Circuit has interpreted this provision to mean all that is required to trigger removal under § 1442(a)(1) is a federal agency defendant. *City of Cookeville v. Upper Cumberland Elec. Mbrshp. Corp.,* 484 F.3d 380, 389-90 (6th Cir. 2007). Because TVA is a federal agency, removal was also proper pursuant to 28 U.S.C. § 1442(a)(1). Based on Sixth Circuit precedent, TVA need not establish any other grounds for removal aside from being a federal agency.

Moreover, the Sixth Circuit noted that while other courts have settled on a different interpretation of the provision, requiring that a federal agency defendant assert a colorable federal defense to invoke subject matter jurisdiction, the court does not believe such an interpretation is substantiated by either the linguistic construction of the statute or the

legislative history. *City of Cookeville,* 484 F.3d at 390-91. Even if the provision required a colorable federal defense, TVA has asserted one. Pursuant to federal statute, federal agencies are not required to provide the rationale behind security clearance decisions if an employee is removed for national security reasons. Additionally, broad discretion is given to federal agencies when making security clearance judgments, and review of such judgments is barred. See *Dept of the Navy v. Egan,* 484 U.S. 518, 529 (1988). Accordingly, because the action arises under the laws of the United States, TVA is a federal agency, and TVA has a colorable federal defense, this court has original subject matter jurisdiction over plaintiffs' claims.

**B. Plaintiffs incorrectly interpret the *Egan* doctrine**

Although plaintiffs acknowledge that their claims were dismissed pursuant to FRCP 12(b)(6) and not 12(b)(1), they incorrectly allege that the *Egan* doctrine precludes the court from ruling on the merits of their claims. In *Egan,* the Supreme Court held that because security clearances are intrinsically related to matters of national security, a nonexpert body (*i.e.* a court) is barred from reviewing the merits of a security clearance decision. Agencies have broad discretion to grant security clearances based on their expertise in protecting classified material. *Id.* at 529. Moreover, the Court ruled that no individual has the right to a security clearance. *Id.* at 528. Consequently, the Sixth Circuit has held that there is no property right to a security clearance. *Carpenter v. Dep't of Energy,* 1994 WL 201872 at *2 (6th Cir. 1994). If the plaintiff fails to establish a separate claim, aside from his security clearance grievance, that "he was deprived of a property or liberty interest without due process," then he does not have a viable claim. *Id.* For that reason, security clearance

claims will be dismissed for lack of subject matter jurisdiction to review the merits of the security clearance decision **and** for failure to state a claim upon which relief can be granted. *Id. (emphasis added); see Oryszak v. Sullivan,* 576 F.3d 522, 526 (2009).

Nevertheless, courts have held that there are exceptions to the *Egan* doctrine. For instance, a court may review claims dealing with constitutional challenges to security clearance decisions. *See Webster v. Doe,* 486 U.S. 592, 603-04 (1988) (finding constitutional claim based on an individual discharge may be reviewed by the district court). In addition, judicial review is proper when reviewing whether an agency violated its own procedural regulations. *Duane v. United States DOD,* 275 F.3d 988, 993 (10th Cir. 2002). Despite these exceptions, claims alleging constitutional or procedural violations that are not properly raised will be dismissed. *Tenenbaum v. Caldera,* 45 Fed. Appx. 416, 418 (6th Cir. 2002).

Plaintiffs' assertion that the court lacks subject matter jurisdiction pursuant to the *Egan* doctrine is incorrect. The *Egan* doctrine precludes this court, or any court (including a state court), from reviewing the merits of TVA's decision to revoke plaintiffs' security clearances. Federal court precedent is clear that actions based upon denial of security clearances do not merely fail to state a claim but are beyond the reach of judicial review. *Oryszak* at 526 (D.C.Cir. 2009); *Bennett v. Chertoff*, 425 F.3d 999, 1001 (D.C.Cir. 2005) ("employment actions based on denial of security clearance are not subject to judicial review").

Here, plaintiffs' claims are premised on the fact that the revocation of their security clearances interfered with their employment. However, because they have no right to those

7

security clearances, plaintiffs' complaint fails to state a claim upon which relief can be granted.  Likewise, plaintiffs do not assert a claim for deprivation of property or liberty without due process, so dismissal under Rule 12(b)(6) was proper.

Plaintiffs fail to establish a clear error of law, an intervening change in controlling law, or a need to prevent manifest injustice.  Thus, the court finds plaintiffs' motion to alter or amend judgment [R. 18] is without merit, and the motion is **DENIED.**

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**